NUMBER 13-02-632-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


NUECES COUNTY , Appellant,



v.




DALE HOFF, ET AL. , Appellees.

___________________________________________________________________



On appeal from the 214th District Court

of Nueces County, Texas.


__________________________________________________________________



O P I N I O N


Before Justices Hinojosa, Rodriguez, and Wittig (1)

Opinion by Justice Rodriguez


 Appellant, Nueces County, brings this accelerated interlocutory appeal following the trial court's denial of its plea to the
jurisdiction. (2)

 By one issue, appellant contends the trial court erred in denying its plea to the jurisdiction because appellant is immune
from suit under the doctrine of sovereign immunity. We reverse and remand.

I. Facts

 Appellees, former and current employees of the Nueces County Sheriff's Department, brought an action under the Fair
Labor Standards Act of 1938 (FLSA) alleging that appellant: (1) failed to pay appellees compensation for time worked; (2)
made the accruing of compensatory time compulsory; (3) failed to compute overtime accurately; (4) limited the amount of
vacation leave and sick leave that could be accumulated; and (5) did not allow appellees to take their entitled sick leave or
vacation leave. See 29 U.S.C.A. §§ 201, 206, 207 (West 1998 & Supp. 2002). Appellees seek statutory damages and
penalties for the alleged violations of FLSA, pre-and-post judgment interest, costs, and attorneys' fees. Appellant filed a
plea to the jurisdiction alleging it has sovereign immunity from appellees' claims. The trial court denied appellant's plea to
the jurisdiction. This appeal ensued. 



II. Standard of Review

 A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims
asserted have merit." Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's
authority to determine the subject matter of a pleaded cause of action. City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex.
App.-El Paso 2000, pet. dism'd w.o.j.);State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.-Corpus Christi 1989, writ
denied).

 We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review because subject matter
jurisdiction is a question of law. City of Fort Worth v. Robles, 51 S.W.3d 436, 439 (Tex. App.-Fort Worth 2001, pet.
denied). In determining whether jurisdiction exists, rather than looking at the claim's merits, we look to the allegations in
the pleadings, accept them as true, and construe them in favor of the pleader. See County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002); Met-RX USA, Inc. v. Shipman, 62 S.W.3d 807, 810 (Tex. App.-Waco 2001, pet. denied); Robles, 51
S.W.3d at 439. We may also consider evidence necessary to resolve the jurisdictional issues raised. See Brown, 80 S.W.3d
at 555; Blue, 34 S.W.3d at 555; Shipman, 62 S.W.3d at 810; Baston v. City of Port Isabel, 49 S.W.3d 425, 427 n.2 (Tex.
App.-Corpus Christi 2001, pet. denied).

 When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable
defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to
amend. Brown, 80 S.W.3d at 555. On the other hand, if the pleadings affirmatively negate the existence of jurisdiction,
then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. Id.

III. Analysis

 Sovereign immunity, unless waived, protects the State of Texas from lawsuits for damages absent legislative consent. 
Gen. Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). Like the State, a county is a
governmental unit protected by sovereign immunity. (3) Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex.
2002); Nueces County v. Ferguson, 97 S.W.3d 205, 217 (Tex. App.-Corpus Christi 2002, no pet.); see Tex. Civ. Prac. &
Rem. Code Ann. §101.001(3)(B) (Vernon Supp. 2003); Brown, 80 S.W.3d at 554. Accordingly, plaintiffs who sue the
State, its agencies, or subdivisions, such as counties, must establish a waiver of sovereign immunity in order for the trial
court to have jurisdiction, except where the suit: (1) is not actually a suit against the State, such as an ultra vires action
taken pursuant to an unconstitutional law; (2) does not seek to impose liability on the State, seek money damages against
the State, or seek to control state action, as in a declaratory judgment suit; (3) alleges constitutional violations of a
self-enacting state constitutional provision and seeks the appropriate relief provided by such a provision; (4) alleges civil
rights claims under 42 U.S.C. § 1983 (1998); (5) alleges violations of federal procedural due process; and (6) alleges
inverse condemnation. Ferguson, 97 S.W.3d at 218-19 & n.15; Morris v. Collins, 916 S.W.2d 527, 531 (Tex.
App.-Houston [1st Dist.] 1995, no writ) (O'Connor, J., concurring).

 Where these exceptions do not apply, the plaintiff must: (1) allege legislative consent to such suit in his petition, either by
reference to statute or express legislative permission; and (2) plead facts which fall within the scope of the waiver relied on.
Ferguson, 97 S.W.3d at 219. Aside from certain exceptions, (4) absent a pleading of consent in the petition, the trial court is
without jurisdiction to hear the case. Id. In this instance, appellees did not plead consent in their petition and their suit is
not one that entails one of the above exceptions to immunity. However, appellees contend that they did not need to plead
such a waiver because, as a county, the doctrine of sovereign immunity does not apply to appellant in this instance. 
Relying on Alden v. Maine, 527 U.S. 706 (1999), appellant contends that even though appellees have a federal claim under
the FLSA, appellant, as an arm of the State, has sovereign immunity over such a claim. In Alden, the State of Maine
claimed it had sovereign immunity over claims made by a group of probation officers alleging that the State had violated
the overtime provisions of the FLSA. See id. at 711. The United States Supreme Court concluded that the United States
Congress does not have the power to subject non-consenting States to private suits for damages in state courts. See id. at
712 & 754. Appellees attempt to distinguish Alden from the instant case in that Alden specifies that sovereign immunity
"bar[s] suits against States but not lesser entities." Id. at 756. Because appellant is a county and not a State, appellees
contend, the doctrine of sovereign immunity does not apply to it. However, the Alden court went on to hold that entities
like "municipal corporation[s] or other governmental entit[ies] which [are] not an arm of the state," are not entitled to
sovereign immunity. Id. As we already held earlier in this opinion, a county, under Texas statutory and common law, is an
arm of the State. See Tex. Civ. Prac. & Rem. Code Ann. §101.001(3)(B); see also Pelzel & Assocs., Inc., 77 S.W.3d at
248; Brown, 80 S.W.3d at 554; Ferguson, 97 S.W.3d at 217. Thus, as an arm of the State, appellant has protection under
sovereign immunity, even to federal law claims such as this one. See Alden, 527 U.S. at 756. Because appellees failed to
plead consent and allege facts that demonstrate appellant's waiver of immunity, the trial court did not properly have
jurisdiction over this cause and erred in denying appellant's plea to the jurisdiction. Appellant's sole issue is sustained.



IV. Conclusion

 Having determined that appellees failed to state a claim for which sovereign immunity is waived, we must now decide
whether their petition is incurably defective or, whether, under the facts alleged in the petition, it may be amended to allege
a cause within the trial court's jurisdiction. See Brown, 80 S.W.3d at 555. As we have already noted, appellees' suit arises
under alleged FLSA violations and, thus, may not be maintained absent legislative consent. Because appellees have never
claimed, either to the trial court or to this Court, to have legislative consent for this suit, we conclude that it is not possible
for the petition to be amended to confer jurisdiction on the trial court. See id.; see also Ferguson, 97 S.W.3d at 224; City of
Houston v. Northwood Mun. Util. Dist. No. 1, 73 S.W.3d 304, 313 (Tex. App.-Houston [1st Dist.] 2001, pet. denied). 

 Accordingly, we reverse the trial court's order denying appellant's plea to the jurisdiction and remand this cause with
instructions to grant appellant's plea to the jurisdiction and dismiss this case for want of jurisdiction.

 

NELDA V. RODRIGUEZ

Justice



Opinion delivered and filed

this 17th day of April, 2003.

 

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).

2. We have jurisdiction over this interlocutory appeal pursuant to section 51.014(a)(8) of the civil practice and remedies
code, which provides that an appeal may be taken from an interlocutory order that grants or denies a plea to the jurisdiction
by a governmental unit as defined in section 101.001. See Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(8), 101.001
(Vernon Supp. 2003). A county is such a governmental unit. Id. § 101.001(3)(B) (Vernon Supp. 2003). 

3. Appellate courts often use the terms sovereign immunity and governmental immunity interchangeably. Wichita Falls
State Hosp. v. Taylor, No. 01-0491, 2003 Tex. LEXIS 22, at *4 n.3 (March 6, 2003). Sovereign immunity refers to the
State's immunity from suit and liability. Id. Governmental immunity, on the other hand, protects political subdivisions of
the State, including counties, cities, and school districts. Id. However, because the parties refer to the alleged immunity in
this case as sovereign, we will also refer to appellant's immunity as sovereign. 

4. It is not necessary to specifically plead consent in a petition where there is a general statutory right to bring suit against a
particular governmental entity or particular type of claim. Nueces County v. Ferguson, 97 S.W.3d 205, 219 n.16 (Tex.
App.-Corpus Christi 2002, no pet.) (citing Missouri Pac. R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812, 813-14
(Tex. 1970); City of San Antonio v. Cortes, 5 S.W.3d 708, 711-12 (Tex. App.-San Antonio 1999, no pet.)). However, this
exception does not apply in this instance. See Alden v. Maine, 527 U.S. 706, 712 & 754 (1999).