Dale **HOFF**, Angie **Rendon**, David **Del Angel** and Elmer **Cox**, Petitioners,

v.

**NUECES COUNTY, Respondent.**

**No. 03–0607.**

Supreme Court of Texas.

Dec. 17, 2004.

---

Richard W. Carter, for amicus curiae.

Kathleen L. Day, Corpus Christi, Kim Cox, for petitioners.

Rene C. Flores, Flores Law Firm, P.C., Corpus Christi, Alissa Anne Adkins, Laura Garza Jimenez, Kent Brown, Jim Buche, Lubbock, Veda Ann Moore, Richmond, for respondent.

PER CURIAM.

In this case we consider whether the Eleventh Amendment of the United States Constitution protects Nueces County from

a suit brought in state district court by current and former employees of the Nueces County Sheriff's Department for claims arising under the federal Fair Labor Standards Act (FLSA). 29 U.S.C. §§ 201–219. We conclude that because Nueces County is not an arm of the state under Eleventh Amendment jurisprudence, it does not possess Eleventh Amendment immunity from claims brought in state court under the FLSA.

Dale Hoff, Angie Rendon, David Del Angel, and Elmer Cox, current and former employees of the Nueces County Sheriff's Department, brought suit against the County in state district court for alleged violations of the FLSA. The plaintiffs alleged that the Sheriff's Department violated the FLSA specifically by (1) not paying compensation for time worked, (2) mandating that compensatory time be accrued rather than used, (3) failing to accurately compute overtime pay, (4) placing a limitation on the accumulation of vacation and sick leave, and (5) not allowing its employees to take sick and vacation leave. Nueces County filed a plea to the jurisdiction arguing that sovereign immunity barred the plaintiffs' claims. The district court denied the plea to the jurisdiction, and Nueces County filed an interlocutory appeal to the court of appeals. Analyzing immunity under state statutory and common law, the court of appeals held that Nueces County possessed Eleventh Amendment immunity. The case was remanded to the district court with instructions to grant Nueces County's plea to the jurisdiction and dismiss the case for want of subject matter jurisdiction. 105 S.W.3d 208, 212–13. Hoff petitioned this Court for review.

■■■ Assuming this is an interlocutory appeal, this Court has jurisdiction because the court of appeals' decision conflicts or holds differently from a prior decision of this Court on a question of law material to a decision of the case.[1] Tex. Gov't Code § 22.225(c); *Gross v. Innes*, 988 S.W.2d 727, 729 (Tex.1998) (Section 22.225(c) "affords this Court jurisdiction over any appealable interlocutory order ... when 'the justices of the court[ ] of appeals disagree on a question of law material to the decision or [when] the court [ ] of appeals holds differently from a prior decision of another court of appeals or of the supreme court.' "); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 222–23 (Tex.2004); *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 687 (Tex.2003) (citing Tex. Gov't Code § 22.001(a)(2)).[2] The test for determining a conflict is whether the decision in one case would operate to overrule the decision in another case on the same question of law if both were rendered by the same court. *Schein*, 102 S.W.3d at 687–88. In the instant case, as explained herein, the decision of the court of appeals conflicts with a prior decision of this Court. *San Antonio Indep.*

1. The court of appeals reversed the trial court's denial of the plea to the jurisdiction but did not render judgment dismissing the case. The court of appeals appears to have issued essentially a final judgment in this case, remanding the case to the trial court to perform only a ministerial act of dismissing the case for lack of jurisdiction as directed by the court of appeals' judgment. If the record established that the court of appeals' judgment was indeed essentially a final appealable judgment, petitioners would not have to satisfy the jurisdictional requirements for interlocutory appeals in section 22.225 of the Texas Government Code.

2. The Legislature amended section 22.001 of the Government Code, effective September 1, 2003. Act of June 11, 2003, 78th Leg., R.S., Ch. 204 (codified as section 22.001(e) of the Texas Government Code). This petition for review was filed in July of 2003. The amendment does not govern our jurisdiction in this case.

*Sch. Dist. v. McKinney,* 936 S.W.2d 279, 283 (Tex.1996) ("Cities and counties enjoy sovereign immunity ... yet they are not entitled to Eleventh Amendment immunity.") (citing *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency,* 440 U.S. 391, 401, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979) and *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). We review a plea to the jurisdiction based on sovereign immunity de novo because the question of whether a court has subject matter jurisdiction is a matter of law. *Miranda,* 133 S.W.3d at 225–26.

■ The Eleventh Amendment to the U.S. Constitution states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Passage of the Eleventh Amendment merely confirmed that the states as separate sovereigns can limit, with few exceptions, their susceptibility to suit. *See Alden v. Maine,* 527 U.S. 706, 728–29, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). This aspect of federalism is evident in the structure of the Constitution which "in all its provisions, looks to an indestructible Union, composed of indestructible States." *Texas v. White,* 74 U.S. (7 Wall.) 700, 725, 19 L.Ed. 227 (1869). The Eleventh Amendment was passed to protect states, as independent sovereigns, and not to create a new state immunity. *Alden,* 527 U.S. at 728–29, 119 S.Ct. 2240; *Hans v. Louisiana,* 134 U.S. 1, 13, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Although "Eleventh Amendment immunity" is a misnomer, because the phrase has become a term of art, we will use it also. *See Alden,* 527 U.S. at 713, 119 S.Ct. 2240.

■ Eleventh Amendment jurisprudence, although complex and actively debated, currently is settled in these two respects.[3] First, federal courts have no jurisdiction over federal or state law claims against a state or state agency unless Eleventh Amendment immunity has been expressly waived by the state or abrogated by Congress pursuant to proper constitutional authority. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 59, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (discussing congressional abrogation); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (addressing waiver). Second, Eleventh Amendment immunity protects nonconsenting states from being sued in their own courts for federal law claims. *Alden,* 527 U.S. at 754, 119 S.Ct. 2240 (holding that Congress cannot require a state court to adjudicate federal law claims that could not be brought against a state in federal court). In *Alden,*

---

**3.** There is extensive debate among justices of the Supreme Court and in the academic community over the scope and effect of the Eleventh Amendment. *See, e.g., Alden,* 527 U.S. at 711, 119 S.Ct. 2240 (split 5–4 decision); Vicki C. Jackson, *The Supreme Court, the Eleventh Amendment, and State Sovereign Immunity,* 98 Yale L.J. 1, 3 (1988) ("The Eleventh Amendment to the United States Constitution is an enigma of increasing concern to the Supreme Court and to scholars."); William A. Fletcher, *A Historical Interpretation of the Eleventh Amendment: A Narrow Construction of an Affirmative Grant of Jurisdiction Rather Than a Prohibition Against Jurisdiction,* 35 Stan. L.Rev. 1033, 1033 (1983) ("The Eleventh Amendment is one of the Constitution's most baffling provisions...."); Martha A. Field, *The Eleventh Amendment and Other Sovereign Immunity Doctrines: Part One,* 126 U. Pa. L.Rev. 515, 516 (1978) ("There is ... little agreement about many issues concerning the scope of state sovereign immunity."). However, on this issue of federal law, we do not enter the debate but apply controlling precedent.

probation officers brought suit in state court against the State of Maine, their employer, for alleged violations of the FLSA. *Id.* at 711, 119 S.Ct. 2240. The state court dismissed the federal law claim because the State of Maine did not waive its Eleventh Amendment immunity. The Maine Supreme Judicial Court affirmed the decision bringing it into conflict with a prior decision by the Supreme Court of Arkansas. *Id.* at 712, 119 S.Ct. 2240 (citing *Jacoby v. Ark. Dep't of Educ.*, 331 Ark. 508, 962 S.W.2d 773, 774–75 (1998) (holding Eleventh Amendment immunity was limited to protecting states from suits in federal courts)). Affirming the Maine Supreme Judicial Court decision, the U.S. Supreme Court held that a state cannot be sued by its citizens in its own courts for violations of the FLSA without a waiver of the state's Eleventh Amendment immunity. *Alden*, 527 U.S. at 754, 119 S.Ct. 2240. The Court explained that Eleventh Amendment immunity does not bar suit against "lesser entities" such as "a municipal corporation or other governmental entity which is not an arm of the State." *Id.* at 756, 119 S.Ct. 2240.

■ In this case, Hoff argues that Nueces County is not an arm of the State of Texas entitled to Eleventh Amendment immunity and therefore can be sued for federal claims in Texas courts. We agree. Recognizing that Nueces County is an arm of the state according to Texas law, the court of appeals then concluded that the county possessed Eleventh Amendment immunity from the federal law claim brought in state court. 105 S.W.3d at 212. The court of appeals confused the character of counties for purposes of the immunity doctrines under Texas law with the treatment of a county for purposes of Eleventh Amendment immunity.

■ Both the United States Supreme Court and this Court have held that determining whether a division of state government is protected by Eleventh Amendment immunity is a question of federal law. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 n. 5, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *San Antonio Indep. Sch. Dist.*, 936 S.W.2d at 281–82. Because federal law controls the treatment of a county for purposes of Eleventh Amendment immunity, we are bound by the decisions of the U.S. Supreme Court on this issue.

■ Eleventh Amendment immunity has been extended to state agencies that are viewed as arms of the state "to protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself." *Lake Country Estates*, 440 U.S. at 400–01, 99 S.Ct. 1171. To determine whether an entity should be treated as an arm of the state under the Eleventh Amendment, the U.S. Supreme Court considers the state's law to determine the nature of the public entity seeking such immunity. *See Regents of the Univ. of Cal.*, 519 U.S. at 429–30, 117 S.Ct. 900. For example, under California law, a county is designated as a "body corporate and politic" that can levy taxes to pay judgments against it, issue bonds payable from county taxes, sell property, and contract for the construction or repairs of structures. *Moor v. County of Alameda*, 411 U.S. 693, 719, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). The U.S. Supreme Court held that those provisions of California law indicated that Alameda County in California had sufficient indicia of independence to make it distinct from the state for Eleventh Amendment purposes. *Id.* Applying this analysis, the U.S. Supreme Court has consistently held that neither counties nor cities are arms of the state entitled to protection under Eleventh Amendment immunity. *Alden*, 527 U.S. at 756, 119 S.Ct. 2240; *Regents of the Univ. of Cal.*, 519

U.S. at 430 n. 6, 117 S.Ct. 900; *Lake Country Estates,* 440 U.S. at 401, 99 S.Ct. 1171; *Mt. Healthy,* 429 U.S. at 280, 97 S.Ct. 568. Similarly, we held in *San Antonio Independent School District v. McKinney* that a school district under Texas law is more like a city or county than an arm of the state and is not entitled to Eleventh Amendment immunity to federal claims. 936 S.W.2d at 282. Under Texas law, a county is a "corporate and political body" that may levy taxes to pay for its debts, sell or lease real property, and issue bonds to provide for its funding. *See* Tex. Loc. Gov't Code §§ 71.001, 71.031, 263.001, 293.051. The holdings of the U.S. Supreme Court are dispositive here. We hold that Texas counties, authorized to exercise the aforementioned powers, possess sufficient indicia of independence that they are not arms of the state for purposes of the Eleventh Amendment.

Therefore, Nueces County is not an arm of the state possessing Eleventh Amendment immunity from federal claims brought in state court under the FLSA. Accordingly, without hearing argument, we grant the petition for review, reverse the court of appeals' judgment granting Nueces County's plea to the jurisdiction, and remand to the district court for further proceedings consistent with this opinion. Tex.R.App. P. 59.1.