COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




THE CITY OF EL PASO, THE EL
PASO FIREMEN & POLICEMEN’S
PENSION FUND, THE BOARD OF
TRUSTEES OF THE EL PASO
FIREMEN & POLICEMEN’S
PENSION FUND, MIKE D.
PRITCHARD, DARREL G. PETRY,
JOHN D. DAVIS, III, MICHAEL V.
CALDERAZZO, RICHARD WILES,
DIANA M. KIRK, ROBERTO
RIVERA, ROBERT E. FEIDNER, AL
PEREZ, TYLER C. GROSSMAN, JOE
WARDY, ROBERT A. CUSHING,
JR., ROBERT D. TOLLEN, ROBERT
J. STANTON, AND RAUL
TARANGO,

                            Appellants,

v.

LILLI M. HEINRICH,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 
  
§
 
§
 
 §
 
§
 
 §

 





No. 08-05-00203-CV

Appeal from the

346th District Court 

of El Paso County, Texas 

(TC# 2004-2313) 



 

 

 




O P I N I O N

           This is an accelerated appeal from a denial of a plea to the jurisdiction granted against
Appellants, The City of El Paso, The El Paso Firemen & Policemen’s Pension Fund, The
Board of Trustees of the El Paso Firemen & Policemen’s Pension Fund, Mike D. Pritchard,
Darrel G. Petry, John D. Davis, III, Michael V. Calderazzo, Richard Wiles, Diana M. Kirk,
Roberto Rivera, Robert E. Feidner, Al Perez, Tyler C. Grossman, Joe Wardy, Robert A.
Cushing, Jr., Robert D. Tollen, Robert J. Stanton, and Raul Tarango. On appeal, Appellants
raise two issues for appeal.


 In Issue One, Appellants contend that the trial court erred in
denying the plea to the jurisdiction based on the court’s lack of subject-matter jurisdiction. 
In Issue Two, Appellants contend that the trial court erred by failing to hold that the
individual Appellants have official immunity. For the reasons set forth in this opinion, we
affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL BACKGROUND
           Charles D. Heinrich was an El Paso Police Department officer from November 30,
1972 to August 29, 1985, when he passed away as a result of a job-related injury. He was
survived by his wife, Appellee, Lilli M. Heinrich, and a then-minor son. The El Paso
Firemen & Policemen’s Pension Fund commenced payment of Mr. Heinrich’s pension
benefits for Mrs. Heinrich and her son in October 1985. The payment amount included
payment for August and September of 1985. According to Appellants, pursuant to Section
20 of the Bylaws governing the Pension Fund, Mrs. Heinrich received two-thirds of Mr.
Heinrich’s earned pension, and her son, who was a qualified child under this section,
received one-third of Mr. Heinrich’s earned pension. The total payment equaled to 100
percent of Mr. Heinrich’s pension. At the time the Board made the decision, Mrs. Heinrich
contends that the benefits did not account for her son’s share.
           On August 14, 2002, Mrs. Heinrich received a letter from the Pension Fund requesting
that she confirm her son meet the definition of a qualified child under Section 4 of the
System Bylaws. The letter included text from Section 4 that read in relevant part,
“Qualified Child or Children” means the surviving unmarried dependent child
or children of a member who are (1) under the age of nineteen (19); or (2) if
over the age of nineteen (19), and under age twenty three (23), then a full-time
student at an accredited secondary university, technical or trade school
approved by the Board or (3) regardless of age, deemed physically disabled
and non-self supporting by the Board of Trustees or declared mentally
incompetent by a court of competent jurisdiction for as long as such
incompetence or disability exists. For purposes of this subsection “dependent”
means a child who is less than fifty percent (50%) self-supporting. 
Notwithstanding these criteria, in no case shall “non-self-supporting” be
construed to include persons over the age of nineteen (19) and disabled by
excessive use of drugs or alcohol as determined by the Board of Trustees.

The letter further indicated that Mrs. Heinrich’s son turned nineteen years old in January
1998 and twenty-three years old in January 2002. As is evidenced in a letter dated August
29, 2002 from Robert J. Stanton, the Pension Fund administrator at the time, to Mrs.
Heinrich, they discussed the contents of the August 14 letter.
           Thereafter, in its regular meeting held on September 18, 2002, the Pension Fund
Board of Trustees voted to discontinue payment of benefits to Mrs. Heinrich’s son. Mrs.
Heinrich was informed of this decision in a letter dated October 29, 2002, which also
informed her that the benefit payment amount would be adjusted to reflect the discontinuance
of benefits for her son beginning with the October 2002 check. On November 6, 2002, Mrs.
Heinrich informed Mr. Stanton in a letter that her son had never received funds from the
Pension Fund. As she understood, the benefits she began receiving in November 1985
reflected 100 percent of Mr. Heinrich’s pension benefits which she was solely entitled to
receive, without any consideration of her son’s entitlement.
           On May 25, 2004, Mrs. Heinrich filed an Original Petition and Requests for
Disclosure. She asserted that the Board of Trustees had breached the fiduciary duty owed
to her, that the Board acted illegally, and that they had violated Article 6243b, Title 109 of
the Texas Civil Statutes by reducing her pension benefits by 33 and 1/3 percent. 
Furthermore, Mrs. Heinrich asserted that she was entitled to reimbursement of the total
pension benefits she would have received plus all cost of living allowances from the date of
the illegal act to the date of trial. In response, Appellants filed an Original Plea to the
Jurisdiction, Answer and Affirmative Defenses, followed by a First Amended Plea to the
Jurisdiction, Answer and Affirmative Defenses. In their Amended Plea to the Jurisdiction,
Appellants argued that the City of El Paso, the El Paso Firemen & Policemen’s Pension Fund
and its Board of Trustees are entitled to governmental immunity from suit and that in each
case, such immunity had not been waived. The named individuals were immune from
liability as well.
           Thereafter, the Appellants filed a Brief in Support of Defendants’ First Amended Plea
to the Jurisdiction, Answer and Affirmative Defenses on March 30, 2005. Appellee filed a
First Amended Petition on April 19, 2005, followed by Reply to Defendants’ Plea to the
Jurisdiction and Response to Motion to Dismiss filed on April 21, 2005.
           The trial court held a hearing on the plea to the jurisdiction on May 4, 2005. After the
trial court heard the parties’ arguments, Mrs. Heinrich’s counsel stated the following:
[T]he prayer in the petition is very, very general. We are asking both for
special and general relief. I’m not sure exactly how you would join someone
from doing an illegal act that was done in the past. That’s the problem I had,
and if the Court--I would like to have an opportunity to make a trial
amendment to amend those portions of the prayer to enjoin the defendants
from illegally acting as they did in the past and the future, and enjoin them
from not paying them the amounts that they were allegedly supposed to pay as
opposed to asking for money damages.
 
In other words, I agree in principle from what is argued here, but disagree with
the fact that they are not involved in committing an illegal act.

Thereafter, the trial court indicated to counsel that he had until Friday at noon to amend any
pleadings. The next day, Mrs. Heinrich filed a Second Amended Petition. In it, Mrs.
Heinrich stated the following:
Plaintiff is entitled to a declaratory judgment declaring the acts of the
defendants as illegal unlawful unconstitutional and enjoining the defendants
from performing those act [sic] alleged and restore the status quo from date of
the illegal act. Plaintiff is not seeking damages but rather equitable relief to 
right a wrong done to her.

Furthermore, in the prayer, Mrs. Heinrich stated the following:
Plaintiff prays that the Defendants be cited to appear herein and that the court
declare the acts of the defendants to be illegal, unlawful, unauthorized, ultra
vires, and unconstitutional. That Plaintiff receive all equitable relief allowed
by law, that defendants be enjoined from performing the illegal, unlawful,
unauthorized, ultra vires, and unconstitutional acts as alleged. That Plaintiff
have Judgment from Defendants within the jurisdiction of this court, with Pre-Judgment interest thereon if allowed by law, with Post-Judgment interest at the
applicable rate of interest if allowed by law, for costs of court, reasonable
attorney’s fees, and for such other and further relief, general and special, in
law and in equity, to which she is justly entitled.

The trial court denied Appellants’ Plea to the Jurisdiction on May 6, 2005. This appeal
follows.
II. DISCUSSION
           In two related issues, Appellants contend that the trial court erred in denying their plea
to the jurisdiction because the trial court lacked subject-matter jurisdiction since the
Appellants retain governmental immunity from Mrs. Heinrich’s claims. Issue One
specifically asserts that Appellants, as governmental entities, are immune from suit under the
sovereign immunity doctrine, in particular because Mrs. Heinrich’s claim is for money
damages. In Issue Two, Appellants assert that the individuals named as defendants in this
case also are immune to Mrs. Heinrich’s claims pursuant to the doctrine of official immunity. 
The crux of Appellants’ arguments center on whether Mrs. Heinrich’s claim is one for money
damages or injunctive relief. The issues on appeal of whether the Appellants are protected
from suit under the doctrine of governmental immunity and official immunity turn on
whether Mrs. Heinrich is seeking monetary damages or declaratory relief.
 

Standard of Review
           An appeal may be taken from an interlocutory order that grants or denies a plea to the
jurisdiction filed by “a governmental unit.” Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2005). We review a trial court’s disposition of a plea to the
jurisdiction under a de novo standard of review. Hoff v. Nueces County, 153 S.W.3d 45, 48
(Tex. 2004). When reviewing a trial court’s ruling on a plea to the jurisdiction, we consider
the facts alleged by the plaintiffs and, to the extent relevant to the jurisdictional issues, any
evidence submitted by the parties. Texas Natural Res. Conservation Comm’n v. White, 46
S.W.3d 864, 868 (Tex. 2001).
           The El Paso Firemen & Policemen’s Pension Fund and its Board of Trustees are 
statutorily created by Article 6243b of Vernon’s Texas Civil Statutes and are generally
immune from liability, except to the extent that the Legislature has specifically waived that
immunity. Tex. Rev. Civ. Stat. Ann. art. 6243b (Vernon 2003); see also Herschbach v.
City of Corpus Christi, 883 S.W.2d 720, 728-29 (Tex. App.--Corpus Christi 1994, writ
denied) (holding Firemen’s Relief and Retirement Fund Board is a state-created agency
entitled to governmental immunity from suit). A municipality, such as the City of El Paso,
is also immune from liability for its governmental functions unless that immunity is
specifically waived. City of El Paso v. Hernandez, 16 S.W.3d 409, 414 (Tex. App.--El Paso
2000, pet. denied). A Texas municipal government is only immune for its governmental
functions; it has no immunity for any proprietary functions. Williams v. City of Midland, 932
S.W.2d 679, 682 (Tex. App.--El Paso 1996, no writ).
           Sovereign immunity generally protects the State from lawsuits for damages absent
legislative consent to sue the State.


 See Federal Sign v. Texas S. Univ., 951 S.W.2d 401,
405 (Tex. 1997). Such immunity generally serves to protect the State and governmental units
from lawsuits for money damages. IT-Davy, 74 S.W.3d at 853; General Servs. Comm’n v.
Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 594 (Tex. 2001). It also protects the State and
governmental units from lawsuits that seek to control their lawful actions by a final judgment
made by a court of law. Texas Mun. Power Agency v. Pub. Util. Comm’n, 100 S.W.3d 510,
515 (Tex. App.--Austin 2003, pet. denied).
           A party can maintain a suit against a governmental unit to obtain an equitable remedy
or to determine its legal rights without legislative permission. Federal Sign, 951 S.W.2d at
404. Private parties may seek declaratory relief against government officials who allegedly
act without legal or statutory authority. IT-Davy, 74 S.W.3d at 855. See Tex. Educ. Agency
v. Leeper, 893 S.W.2d 432 (Tex. 1994) (suit challenging state official’s construction of
compulsory school-attendance law). Such suits are not considered to be suits against the
State because they seek to compel governmental officials to act within their official capacity
and do not attempt to subject the governmental unit to liability. IT-Davy, 74 S.W.3d at 855.
           In the absence of a waiver of governmental immunity, a court has no subject-matter
jurisdiction to entertain a suit against a governmental unit. Texas Dep’t of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999). When a trial court learns that it lacks jurisdiction to hear a
cause, the court must dismiss the cause and refrain from rendering a judgment on the merits. 
Freedman v. Univ. of Houston, 110 S.W.3d 504, 507 (Tex. App.--Houston [1st Dist.] 2003,
no pet.).
           The Texas Supreme Court has consistently distinguished between suits in which only
a declaration of rights against the State is sought and suits seeking money damages against
the State. Federal Sign, 951 S.W.2d at 404; W.D. Haden Co. v. Dodgen, 158 Tex. 74, 308
S.W.2d 838, 841 (1958); Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 712 (1945). 
The former are not considered suits against the State for damages and so no legislative
consent is required. Cobb, 190 S.W.2d at 712. However, a suit which is brought ostensibly
for the purpose of declaring rights, but actually seeks to impose liability on the State for
damages, is a suit against the State barred by sovereign immunity. IT-Davy, 74 S.W.3d at
855-56; see also Cobb, 190 S.W.2d at 712; Dodgen, 308 S.W.2d at 841-42.
           Certain declaratory judgment actions against state officials have been found not to
implicate the sovereign immunity doctrine. IT-Davy, 74 S.W.3d at 855. Specifically, a party
may bring a suit seeking declaratory relief against state officials who allegedly act without
legal or statutory authority and such suit is not a “suit against the state” because it does not
attempt to subject the State to liability. Id. Thus legislative consent is not required to
maintain such suits. Id. However, where a party brings a suit for declaratory judgment but
seeks monetary damages, sovereign immunity bars such a suit. Id. at 855-56. That is
because such a suit attempts to control state action by imposing liability on the State. Id.
           In Mrs. Heinrich’s Second Amended Petition, the jurisdictional allegation read in
relevant part,
In addition, this Court has subject-matter jurisdiction over this matter because
this is a suit for equitable relief to correct illegal, unlawful, unauthorized, ultra
vires, and unconstitutional acts of the defendants. Sovereign immunity does
not bar a suit alleging performance of an ultra vires act, that is, an illegal or
unauthorized act by a state official or agency. Federal Sign v. Texas S. Univ.,
951 S.W.2d 401 (Tex. 1997). A suit for equitable relief against a
governmental entity for violation of a provision of the Texas Bill of Rights is
excepted from the doctrine of sovereign immunity by Texas Constitution
article 1, section 29. City of Beaumont v. Bouillion, 896 S.W.2d 143, 148-49
(Tex. 1995). This is also a suit for declaratory relief under the Declaratory
Judgment Act.

As is evidenced in the language of Mrs. Heinrich’s pleading, her suit is an attempt to have
the trial court determine her legal rights to the pension benefits and further, she seeks
equitable relief. See Federal Sign, 951 S.W.2d at 405.
           Mrs. Heinrich would have this Court find that she is not seeking monetary damages. 
In her brief, she asserts that her second amended pleading is only requesting that the trial
court declare the act of Appellants as illegal, unlawful, unauthorized, and unconstitutional. 
Appellee further asserts that her claim is for declaratory relief in which she seeks the
enforcement of the statute and that furthermore, she is not requesting monetary damages, but
rather “that she be restored the benefits she had been unlawfully denied and that she would
be entitled to 100% of all benefits payable in the future.” She also states that she “does not
sue for monetary damages but rather that the Appellee’s benefits be reinstated to what they
were prior to the Board’s unlawful conduct.”
           Appellants on the other hand argue that Mrs. Heinrich is seeking monetary relief. 
Appellants assert that Mrs. Heinrich, by continually amending her Original Petition, is trying
to evade Appellants’ immunity from suit. Appellants point out that the Texas Supreme Court
prohibits plaintiffs from evading sovereign immunity by disguising their monetary claims as
claims for declaratory relief. Appellants assert that Mrs. Heinrich is doing precisely that and
that her request for an injunction is really a result of a monetary award.
           A request for declaratory relief cannot change the basic character of a suit. State v.
Morales, 869 S.W.2d 941, 947 (Tex. 1994); Continental Cas. Co. v. Rivera, 124 S.W.3d 705,
712-13 (Tex. App.--Austin 2003, pet. denied). Moreover, “private parties cannot circumvent
the State’s sovereign immunity from suit by characterizing a suit for money damages . . . as
a declaratory-judgment claim.” IT-Davy, 74 S.W.3d at 856. After a careful reading of the
record, we find that Mrs. Heinrich’s claim is not a disguised monetary damage as Appellants
argue. Rather, the underlying nature of the suit is to determine whether Mrs. Heinrich is
entitled to receive benefits which vested upon the death of her husband. If Mrs. Heinrich is
correct on the merits of her suit, she would be entitled to reimbursement of past pension
benefits and for future pension benefits to be instated; this award would reflect Mrs.
Heinrich’s entitlement to the vested benefits and not merely a money damage against the
Appellants. Given the nature of the source of the funds, the classification of a money
damage falls squarely with the declaratory and injunctive relief Mrs. Heinrich seeks, a
declaration of her rights to the pension benefits. We find Mrs. Heinrich is not seeking
monetary damages, and therefore her suit is not barred by governmental immunity. Issue
One is overruled.
           Furthermore, the individuals named in this suit do not have official immunity. As
Mrs. Heinrich’s pleadings reveal, the allegations against the individuals named are for
alleged “illegal, unlawful, unauthorized, ultra vires, and unconstitutional acts . . . .” Mrs.
Heinrich alleges that these individuals acted outside the scope of their authority when they
arbitrarily and without the consent of the voting membership, reduced her pension benefits. 
I t is well settled law that a private party may seek declaratory relief against state officials
who allegedly act without legal or statutory authority. See, e.g., Leeper, 893 S.W.2d at 432
(suit challenging state officials’ construction of compulsory school-attendance law); Dodgen,
308 S.W.2d at 840 (suit against state official for wrongfully imposing a statutory tax burden). 
Such suits are not considered suits against the State because they do not attempt to subject
the State to liability and therefore do not implicate the doctrine of governmental immunity. 
See IT-Davy, 74 S.W.3d at 855; see also Cobb, 190 S.W.2d at 712. Accordingly, Issue Two
is overruled in its entirety.
 

           Having overruled each of Appellants’ issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice

July 20, 2006

Before Barajas, C.J., McClure, and Chew, JJ.