IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00139-CV

 

Texas A&M University,

                                                                      Appellant

 v.

 

Ryan Bading, Javier Garza, 

Aaron Horn, Joe Jackson, 

Andrew McDow, Michael Rusek, 

Ty Sorell, Scott-Macon, LTD., 

Texas Aggie Bonfire Committee, 

Trevor Jon Saari, H.B. Zachry Company, 

Zachry Construction Corporation,

Harry Eugene Couch, Jr., et al.,

                                                                      Appellees

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-001246-CV-361

 



O p i n i o n



 








            In 1999, the annual bonfire being built
by students at Texas A&M University collapsed, killing 12 students and
injuring 27 others.  Several plaintiffs, including estates of students, injured
survivors, and relatives of affected students, sued the Texas Aggie Bonfire
Committee, Scott-Macon, Ltd., Zachry Construction Corporation and related
parties (all collectively referred to as “Appellees”), and other defendants for
wrongful death, personal injury, and related claims.  Appellees in turn brought
certain claims against Texas A&M University, a state entity, which filed
pleas to the jurisdiction based on sovereign immunity.  When the trial court
denied its pleas, the University brought this interlocutory appeal.  Tex. Civ. Prac. & Rem. Code Ann. §
51.014(8) (Vernon Supp. 2006).

            We review de novo the trial court’s
denial of a plea to the jurisdiction based on sovereign immunity, as the
question of whether a court has subject matter jurisdiction is one of law.  Hoff
v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004) (per curiam); see also Texas Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-28 (Tex. 2004).

            The claims against the University can
be divided into three general categories: those seeking contribution and/or
indemnity; those seeking a finding of proportionate responsibility under
Chapter 33 of the Civil Practice and Remedies Code;[1]
and those founded in contract.  The University maintains that it is immune from
each category of claims.  Specifically, it says that the Appellees cannot point
to a legislative enactment providing a clear and unambiguous expression of a waiver
of sovereign immunity as to any of the claims.  See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 695-96 (Tex. 2003).  We agree with the
University.

            The Attorney General has amply
demonstrated in the briefs, and supported in oral argument, the proposition
that because there is no statute or resolution of the Legislature authorizing
them, the doctrine of sovereign immunity bars all of the Appellees’ claims,
whether for contribution, indemnity, a determination of proportionate responsibility,
or based in contract.

            We sustain the University’s issues and
reverse the trial court’s order.  We render an order granting the University’s
pleas to the jurisdiction and dismissing all of Appellees’ trial-court claims against
the University for lack of jurisdiction.  Costs of the appeal are assessed
against and shall be paid as follows: 50% by Zachry Construction Corporation,
25% by the Texas Aggie Bonfire Committee, and 25% by Scott-Macon, Ltd.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Reversed
and rendered

Opinion
delivered and filed August 15, 2007

[CVPM]

 









[1]
The parties agree that the claims asserted
here are governed by the 1995 version of section 33.004, which was amended in
2003.  See Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, sec.
33.004, 1995 Tex. Gen. Laws 971, 972-73 (amended 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. §
33.004 (Vernon Supp. 2006)).  The 1995 version permitted a determination of
percentage of responsibility only for parties who were joined in the case or
had settled, whereas the current version permits that determination without the
party being joined.  The University was joined as a party.