# WR-78,427-02

*COPY*

N.o TC# F-0856598-H

| | |
|---|---|
| THE STATE OF TEXAS<br>    Respondent<br><br>V.S.<br>SAMUEL BENITEZ<br>   Cestui Que Vie Trust,<br>   Petitioner | CRIMINAL DISTRICT COURT NO. 1<br>DALLAS COUNTY, TEXAS<br><br>PETITION FOR PRODUCTION AND<br>INSPECTION OF GRAND JURY PROCEEDINGS<br>AND/OR TESTIMONY<br><br>TEXAS CODE CRIM. PROC. ARTICLE 20.02(d)(e) |

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SAMUEL BENITEZ, Petitioner in the above styled and cause, Pro Se, Respectfully moves the court pursuant to Texas Code of Criminal Procedure (T.C.C.P.) Article 1.26, Article 20.02(d)(e), Article 20.19 and Article 1, Section 10 and 19 of the Texas Constitution. The Petitioner Shows the following;

1) Petitioner, SAMUEL BENITEZ, without counsel is relying on Haines v. Kerner, 404 U.S. 519, for less stringent pleading standards.

2) Petitioner is incarcerated in the Texas Department of Criminal Justice Institutional Division-Bill Clements Unit. In this present incarceration. Peitioner is at a disadvantage due to not having access to legal reference materials in Prison on par with those of the District Attorney's Office and and other Persons answering this Petition.

3) This Petition is in accordance with (T.C.C.P) and the Laws of Texas upon which Petitioner relies, same binding as promised performance, a benefit due this Petitioner, an entitlement to equal Protection of the law under administration of Justice Procedures.

4) SAMUEL BENITEZ, the Petitioner herein is a Cestui Que Vie Trust unless otherwise evidenced. See TEXAS RULES OF CIVIL PROCEDURE Rule 52

5) Petitioner requests that he be permitted to examine and and all testimony of each witness that testified before the Grand Jury. Petitioner need

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 27 2015

Abel Acosta, Clerk

for the Grand Jury witness testimony... is a strong interest in ensuring accuracy of testimony outweights government interest in secerecy. In re Grand Jury, 490 F.3d 978,988,990 (D.C. Cir.2007). Petitioner contemplates that a particularized need for the testimony can be shown as follows:

a. To discover impeachment evidence

b. To discover Prior inconsistent Statements- Washington v. Texas 388 U.S. 14 (1967)

c. To discover mitigating and exculpatory evidence- Brady v. Maryland, 373 U.S. 83 (1963).

d. All witnesses that testified in Grand Jury testified on direct examination pursuant to the Jenks Discovery Act 18 USC § 3500.

The need for all witnesses that testified is hereby requested by Petitioner In the alternative the specific testimony that Petitoner requests is as follows:

ALMA AVALOS, who testified under Direct Examination

JESSENIA AVALOS, who testified under Direct examination

JENNY PATRICIA ABREGO, who testified under Direct examination

MARINA GARCIA, who testified under Direct examination

ROGELIO PORTILLO, who testified under Direct examination

DETECTIVE RICHARD DODGE, who testified under Direct examination

OFFICER BRANDON INNES, who testified under Direct examination

DETECTIVE EDUARDO IBARRA, who testified under Direct examination

ANDRA LEWIS-KRICK, who testified under Direct examination

VICKI HALL, who testified under Direct examination

6) In the interest of justice Petitioner is further pursuing relief from

his final conviction in a Habeas Corpus Petition under the Gateway Claim -Schlup v. Delo, 115 S.Ct. 851 (1995). In his claim, Petitioner is asserting trial counsel was ineffective. Upon such assertion, Inorder to find that counsel was effective, an inquirey must be made according to Tex. Code of Crim. Proc. Article 27.03. Accordingly, Petitioner was relying on trial counsel to know the law and represent him to the best of counsels Knowledge. The Law states," All objections and exceptions to the charging instrument must be made in writing (T.C.C.P.) Art. 27.10; A motion to set aside , dismiss, or quash an indictment should be made at the first opportunity and must be presented to the trial court prior to that Party's announcement of ready." Neal v. State, 150 S.W.3d 169(Tex. Crim. App. 2004); Where counsel is to Motion to Setaside indictment Counsel must do so based on the following:

1. That it appears by the record of the court that the indictment was not founded by at least nine Grand Jurors, or that the information was not based upon a valid complaint;

2. That some person not authorized by law was present when the Grand Jury was deliberating upon the accuation against the defendant, or was voting the same;

3. That the Grand Jury was illegally impaneled;

Provided, however inorder to raise such question on a motion to setaside the indictment, the Petitioner must show that he did not have an opportunity to challenge the array at the time the Grand Jury was impanelled. As required by Article 19 and 20 (T.C.C.P). Petitioner was in fact incareerated.

Furthermore, In Vasquez v. Hillery, The Supreme court held," That evidence of racial discrimination in the Grand Jury selection process compromises

3

the structural protections because such abuses leave the reviewing court incapable of determining if a properly "constituted" Grand Jury would have indicated the defendant. at 474 U.S. 254,264 (1986). In the interest of JUstice Petitioner finds a Particularized need for the Grand Jury Proceedings.

7) The Petitioner requests the production of all the above. In Alternative Petitoner requests the Review of that which the court may order in part.

8) Under Article 20.02 (d) (T.C.C.P) Petitioner may petiton a court to order the disclosure of a recording or typewritten transcriptions under Article 20.012 as a matter preliminary to or in connection with a Judicial Proceeding. The court may order disclosure of information, recordings, or transcription on a showing by the defendant of a particularized need.

(e) A Petition for disclosure under subsection (d) must be filed in the District court in which the case is pending. The defendant must file also a copy of the petition with the Attorney representing the State, the Parties to the Judicial Proceedings and any other required by the court to receive a copy of the petition. All persons receiving a Petition under this subsection are entitled to appear before the court. The court shall provide interested Parties with an opportunity to appear and present arguments for the continuation of or end to the required secrecy.

9) Finally, "In felony cases, filing a sufficient indictment invokes a court's personal jurisdiction over the defendant."Fairfield v. State 610 S.W. 2d 771, 779(Tex. CRIM.APP.1981). The Indictment also gives the District Court Subject Matter Jurisdiction. "Subject-Matter Jurisdiction never forfeited or waived: U.S, V. Cotton, 535 U.S. 625, 630 (2002). "Jurisdiction may be

challenged at any time. Once State and Federal jurisdiction has been challenged ,it must be proven,-Texas Dept. of Public Safety v. Styron,226 S.W.3d 576 (Tex. App. Houston [1Dist.] 2007); Estrada v. State 148 S.W.3d 506,Subject-Matter Jurisdiction is a power that exists by operation of law only, and cannot be conferred upon any court by consent or waiver, and thus a judgment will never be considered final if the court lacked Subject-matter jurisdiction -Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71; When a cause of action is derived from a statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the actions is not maintainable for lack of Jurisdiction- Grounds v. Tolar Independant School Dist, 707 S.W. 2d 889; "A plea to the jurisdiction is a dilatory plea, its purpose is to defeat a cause of action without regard to whether the claims asserted have merit,"Nueces County v. Dale Hoff, 105 S.W.3d 208. The Petitioner hereby asserts that the indictment is founded on fewer than the required number of Grand Jurors voting in favor of a true bill, The actual foreman failed to deliver the bill. Accordingly, Forgery of the forman's signature or even inadvertent signing and returning of a bill in a case not reviewed by the Grand Jury are all fundamental defects in charging instruments process which would vitiate the instrument, vitiate trial Court jurisdiction and be subject to first complaint on Appeal despite the failure to present objection prior to trial on the merits. Aguilar v. State 810 S.W.2d 230

Petitioner asserts that the trial court had no Subject-Matter Jurisdiction due to the Improper grand jury proceedings, and void indictment.

For the reasons shown above Petitioner has asserted a Patricularized need for the disclosure of the Grand Jury Proceedings and/or Witness Testimony.

WHEREFORE: Good cause shown and in the interest of justice, the Petitioner respectfully prays that this Court GRANT this Petition in all things

On ___18th___ day of ___MAY___ 2015

RESPECTFULLY SUBMITTED,

By:_____

for SAMUEL BENITEZ-Cestui Que
Vie Trust, Petitioner
#1543909-Bill Clements unit
9601 SPUR 591
Amarillo, Texas 79107