

# NUMBER 13-22-00122-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE MICHAEL LEE BRACEWELL

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras[1]**

On March 24, 2022, relator Michael Lee Bracewell filed a petition for writ of mandamus through which he asserts, in six issues, that the trial court abused its discretion by disqualifying relator's counsel of record, Katie P. Klein. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

Disqualification of a party's counsel is a severe remedy. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam); *In re Tex. Windstorm Ins. Ass'n*, 417 S.W.3d 119, 128–29 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding). "It can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice." *In re Nitla S.A. de C.V.*, 92 S.W.3d at 422. "Disqualification can delay proceedings in the trial court, require the client to engage a successor attorney, and, in appropriate cases, deprive the client of work product done on his behalf by the disqualified attorney." *In re Tex. Windstorm Ins. Ass'n*, 417 S.W.3d at 129. "Because of the serious consequences of disqualification of opposing counsel, such motions can be misused for delay or to exert inappropriate leverage to force a settlement." *Id.* "The law strongly discourages the use of motions to disqualify as

2

tactical weapons in litigation." *Id.*

The movant bears the burden of proof on a disqualification motion. *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 60 (Tex. 1998) (orig. proceeding); *Smith v. Abbott*, 311 S.W.3d 62, 73 (Tex. App.—Austin 2010, pet. denied). "To prevent the abusive filing of such a motion for tactical reasons, the court must carefully evaluate the motion and record to determine if disqualification is warranted." *In re Nitla S.A. de C.V.,* 92 S.W.3d at 422. The trial court "must strictly adhere to an exacting standard" in ruling on disqualification motions. *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 399 (Tex. 1989) (orig. proceeding); *see Spears v. Fourth Ct. of Apps.*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding).

We review the trial court's ruling for abuse of discretion. *See In re Sanders*, 153 S.W.3d 45, 57 (Tex. 2004) (orig. proceeding) (per curiam); *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 514 (Tex. App.—San Antonio 2013, pet. denied); *In re Tex. Windstorm Ins. Ass'n*, 417 S.W.3d at 129. "[A] trial court's decision regarding disqualification, based on a careful, thorough consideration of all the evidence, is entitled to great deference by an appellate court." *In re Thetford*, 574 S.W.3d 362, 365 (Tex. 2019) (orig. proceeding). "Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal." *In re Sanders*, 153 S.W.3d at 56; *see In re EPIC Holdings, Inc.,* 985 S.W.2d at 54 (concluding that an appeal of a ruling on attorney disqualification does not adequately remedy the injury suffered by the party whose counsel was disqualified).

"Lawyers who violate the conflict-of-interest rules must be disqualified because

3

there is an irrebuttable presumption that a lawyer obtains a client's confidential information during representation." *In re Thetford*, 574 S.W.3d at 373 (citing *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 824 (Tex. 2010) (orig. proceeding)). "Although the attorney will not be presumed to have shared that information with his current client, the 'appearance of impropriety' demands that the trial court disqualify counsel." *Id.* (citing *NCNB Tex. Nat'l Bank*, 765 S.W.2d at 400).

Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct deals with conflicts of interest that arise in connection with former clients. In relevant part, Rule 1.09 states that: "Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client . . . if it is the same or a substantially related matter." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(a)(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A. According to the supreme court:

> The rules do not define "substantially related." According to the comments, "it primarily involves situations where a lawyer could have acquired confidential information concerning a prior client that could be used either to that prior client's disadvantage or for the advantage of the lawyer's current client or some other person." We have held that matters are substantially related when the similarity of the facts involved "creates a genuine threat that confidences revealed to [the client's] former counsel will be divulged to his present adversary." Neither conclusory statements of similarities nor facial similarities will suffice—the movant must delineate specific facts that tie the former and current representations together. But while producing specific overlapping facts is necessary to show substantial relation, it is not sufficient. The test is whether those facts create "a genuine threat of disclosure."

*In re Thetford*, 574 S.W.3d at 374 (footnotes omitted); *see In re Fenenbock*, 621 S.W.3d 724, 734–35 (Tex. App.—El Paso 2020, orig. proceeding [mand. denied]).

4

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Sally Bracewell, relator's reply, the record, and the applicable law, is of the opinion that relator has not established his right to relief. Given the irrebuttable presumption that a lawyer obtains a client's confidential information during representation, the substantially related nature of the cases, the appearance of impropriety, and the great deference that we owe to the trial court's determination, we conclude that extraordinary relief must be denied. *See*, *e.g.*, *In re Thetford*, 574 S.W.3d at 373; *NCNB Tex. Nat'l Bank*, 765 S.W.2d at 400. Accordingly, we lift the stay previously imposed in this cause. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus. We likewise deny Sally's "Motion to Disqualify Entire Dale & Klein L.L.P. [Law Firm] as Appellate Counsel."

DORI CONTRERAS
Chief Justice

Delivered and filed on the
8th day of June, 2022.

5