**CITY OF HOUSTON, Appellant**

v.

**Thelma J. TONES, Appellee.**

**No. 14–08–00209–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 8, 2009.

Timothy J. Higley, Houston, TX, for Appellants.

Aaron Jeffries Suder, Robert Anthony Armbruster, Houston, TX, for Appellees.

Justices consists of Justices ANDERSON, SEYMORE, and BOYCE.

## OPINION

JOHN S. ANDERSON, Justice.

This case arises from the City of Houston's failure to follow the statutory procedures for disciplining one of its police officers. Appellant, the City of Houston, appeals the trial court's order granting appellee Thelma Tones's motion for summary judgment. Because we find the district court lacked jurisdiction, we vacate its judgment and dismiss the case for lack of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 26, 2005, Houston Police Officer Thelma Tones was dispatched to an apartment complex concerning a complaint about a bullet going through a female tenant's window. Instead of going to the apartment to investigate, Officer Tones called the woman on Tones's cellular telephone and asked the woman to call back if she located the bullet. The woman found the bullet and called police dispatch again. The dispatcher sent another message to Officer Tones, asking her to respond to the scene. Officer Tones asked the dispatcher if an evening shift officer could be sent to the apartment in her place. Another officer then responded to the complaints and located the bullet. A subsequent investigation revealed there was sufficient evidence to prove the woman's allegations about the bullet.

On November 22, 2005, Chief of Police Harold L. Hurtt signed a detailed suspension letter addressed to the Police Officers' Civil Service Commission of the City of Houston. The letter explained Officer Tones was suspended for five days because of her failure to respond to the bullet complaints on June 26, 2005. On November 29, 2005, the Civil Service Commission received the letter. On December 2, 2005, Officer Tones signed a "Receipt of Letter of Temporary Suspension," indicating that she had received a copy of "a letter of a five-day temporary suspension from Harold L. Hurtt, Chief of Police." The Civil Service Commission received a copy of this "Receipt of Letter of Temporary Suspension" on December 5, 2005.

Officer Tones timely filed a notice of appeal of her suspension with the commission. She requested that an independent hearing examiner hear her appeal. A third party hearing examiner was designated from a panel provided by the American Arbitration Association. The parties and the hearing examiner convened on March 8, 2007 for the hearing. The hearing examiner issued his decision on April 19, 2007. Although he found the City had just cause for suspending Officer Tones, he held the suspension was void under sections 143.117(c) and (d)(1). See Tex. Loc. Gov't Code Ann. § 143.117(c) and (d)(1) (Vernon 2008). He stated: "[t]he evidence reflects that the grievant [Officer Tones] was notified of her temporary suspension on December 2, 2005, yet the written statement of action was filed with the Commission on November 29, 2005, a total of three days before Tones was notified of her suspension." He concluded this was a violation of the plain meaning of section 143.117(c). See Tex. Loc. Gov't Code Ann. § 143.117(c) (Vernon 2008).[1]

The City appealed to Harris County District Court by filing an original petition requesting a declaration that the hearing examiner abused his authority by wrongly

---

1. Section 143.117(c) provides: "If a department head suspends a fire fighter or police officer, the department head shall, within 120 hours *after* the fire fighter or police officer is notified of the suspension, file a written statement of action with the commission." Tex. Loc. Gov't Code Ann. § 143.117(c) (Vernon 2008) (emphasis added).

applying section 143.117 and voiding the suspension.

Officer Tones responded by filing a motion for summary judgment alleging: (1) the district court does not have jurisdiction to hear the appeal under section 143.1016(j); and (2) there are no genuine issues of material fact relating to the application of section 143.117(c) and (d)(1). In response, the city alleged: (1) the issue of the proper jurisdictional standard for an appeal of a hearing examiner's award is currently before the Texas Supreme Court;[2] and (2) there is a fact issue as to whether a provision in the "Meet and Confer Agreement" between the City of Houston and the Police Officers' Union trumps section 143.117.[3]

The district court granted Officer Tones's motion for summary judgment, finding the hearing examiner properly applied section 143.117. The district court did not address whether it had jurisdiction in its order. The City timely appealed to this Court.

## DISCUSSION

On appeal, the City raises three issues: (1) whether the hearing examiner "exceeded jurisdiction" by misapplying section 143.117(c) and (d)(1); (2) whether the district court erred in finding the hearing examiner correctly interpreted section 143.117(c) and (d)(1); and (3) whether section 143.1016(j) allows for an improper delegation of power to hearing examiners because of its limited right to review. We address only the City's first issue because it is dispositive of this appeal.

## A. Standard of Review

Because the question of jurisdiction is a legal question, we apply a *de novo* standard of review. *See Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex.2004). We consider the facts alleged in the petition and, to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001).

## B. Analysis

The cornerstone issue of whether the district court had jurisdiction to hear an appeal from the hearing examiner's award is whether the hearing examiner exceeded his jurisdiction. *See* Tex. Loc. Gov't Code Ann. § 143.1016(j) (Vernon 2008). Section 143.1016 of the Texas Local Government Code establishes procedures governing the review of certain disciplinary actions against fire fighters and police officers. *See id.* That provision affords an aggrieved officer the choice to appeal an adverse disciplinary action to an independent third party hearing examiner rather than to the Fire Fighters' and Police Officers' Civil Service Commission. *Id.* at § 143.1016(a). In exchange, the aggrieved officer accepts a significantly circumscribed right to appeal the examiner's decision, as provided by section 143.1016(c):

> The hearing examiner's decision is final and binding on all parties. If the fire fighter or police officer decides to appeal to an independent third party hearing examiner, the person automatically waives all rights to appeal to a district

**2.** Appellant is referring to *City of Pasadena v. Smith*, 263 S.W.3d 80 (Tex.App.-Houston [1st Dist.] 2006), *rev'd*, 292 S.W.3d 14 (Tex.2009).

**3.** The "Meet and Confer Agreement" is a governing document between the City of Houston and the Houston Police Officers' Union. The

"Meet and Confer Agreement" supersedes the Texas Local Government Code where provisions conflict, pursuant to section 143.361. *See* Tex. Loc. Gov't Code Ann. § 143.361 (Vernon 2008).

court except as provided by subsection (j).

*Id.* at § 143.1016(c). Subsection (j) provides in pertinent part:

A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means.

*Id.* at § 143.1016(j).

The Texas Supreme Court decided that the circumscribed right to appeal applied not only to the aggrieved officer, but also to the City. *City of Houston v. Clark,* 197 S.W.3d 314, 324 (Tex.2006). The issue in the case at bar is the interpretation of the phrase "exceeded its jurisdiction" as provided by section 143.1016(j).

Recently, the Texas Supreme Court enunciated a test for the term "exceeding jurisdiction." *City of Pasadena,* 292 S.W.3d at 20–21. The Court explained: "The most accurate test we can state is that a hearing examiner exceeds his jurisdiction when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *Id.* Thus, we must determine whether the decision of the hearing examiner was not authorized by the Act, was contrary to the act, or invaded the policy-setting realm protected by the nondelegation doctrine. *See id.*

### 1. *The City of Pasadena*

In *City of Pasadena,* the Pasadena Police Chief suspended a police officer indefinitely. *Id.* at 15–16. The officer appealed his suspension to an independent hearing examiner. *Id.* When the hearing convened, counsel for Pasadena announced ready, but counsel for the officer moved to overturn the suspension and reinstate the officer immediately because the Police Chief—the department head on whose statements the suspension was based—was not present. *Id.* Pasadena's counsel stated he was prepared to prove the grounds for the suspension through the Assistant Chief, who was present. *Id.* The hearing examiner agreed with the police officer's counsel, concluding the charges should be dismissed. *Id.* The hearing concluded in less than half an hour without any evidence being heard. *Id.* In his written decision, the hearing examiner ruled the officer should be reinstated, be fully compensated for the time he had been suspended, and have all service credits and benefits restored. *Id.* The hearing examiner based his decision on section 143.1015 of the Texas Local Government Code, which applies only to cities with a population of at least 1.5 million. *See* Tex. Loc. Gov't Code Ann. § 143.1015 (Vernon 2008). The City of Pasadena does not meet such a population requirement. *City of Pasadena,* 292 S.W.3d at 15–16.

The City petitioned the district court for review. *Id.* at 17–18. The district court found the City's petition was untimely. *Id.* The City appealed to the First Court of Appeals, where that court, without addressing the timeliness of the appeal, held that the district court had no jurisdiction over the case under section 143.057(j) of the Act.[4] *See* Tex. Loc. Gov't Code Ann. § 143.057(j). The First Court reasoned that none of the grounds granting a district court jurisdiction for an appeal from

---

4. Section 143.057(j) is parallel to the jurisdictional statute at issue in the case at bar, section 143.1016(j). However, section 143.1016(j) only applies to municipalities with a population over 1.5 million. *See* Tex. Loc. Gov't Code Ann. § 143.101(a) ("Except as otherwise provided, this subchapter [G, containing sections 143.101–.135, including 143.1016] applies only to a municipality with a population of 1.5 million or more.").

the decision of a hearing examiner had been met. *City of Pasadena,* 263 S.W.3d at 85. The City's primary argument for jurisdiction was the hearing examiner applied the wrong law—i.e., he applied a statute that only applies to municipalities with a population over 1.5 million—and therefore, the hearing examiner exceeded jurisdiction. *Id.* at 84. The First Court held that although the hearing examiner erred in applying section 143.1015, he had the authority to interpret and apply the statutory provisions and rules adopted by the legislature. *Id.* at 85. The First Court further held that such error in applying the law does not challenge the hearing examiner's jurisdiction and, thus, does not meet the requirements of section 143.057(j). *Id.*

The Texas Supreme Court reversed the decision of the First Court of Appeals and further clarified the term "exceeding jurisdiction" as found within sections 143.057(j) and 143.1016(j). *City of Pasadena,* 292 S.W.3d at 20–22. The Court held that the hearing examiner exceeded his jurisdiction in summarily reversing an officer's indefinite suspension and reinstating him with back pay and full benefits because the Act requires a hearing examiner to reach a decision based on evidence. *Id.* at 15–16. The Court reasoned that the hearing examiner applied an inapplicable provision and consequently acted contrary to the Act. *Id.* at 20–21. The Court stated: "the Act does not empower a hearing examiner to make rules. He [the hearing examiner] had no authority to impose on the City a requirement that the Act makes quite clear does *not* apply." *Id.*

## 2. The case at bar

In the case at bar, the City argues the hearing examiner exceeded jurisdiction by wrongly applying section 143.117. The City contends the hearing examiner erred by finding the department head did not file the written statements of action timely. The City advances numerous arguments for this contention. In its brief, the City argues the statute should be construed as requiring only substantial compliance. There is no case support for this argument and in fact, the great weight of precedent maintains Chapter 143 requires strict compliance. *See Bradford v. Pappillion,* 207 S.W.3d 841 (Tex.App.-Houston [14th Dist.] 2006, no pet.); *Moran v. City of Houston,* 58 S.W.3d 159 (Tex.App.-Houston [14th Dist.] 2001, pet. denied); *City of Houston Fire Fighters' & Police Officers' Civil Serv. Comm'n v. Morris,* 949 S.W.2d 474 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). During oral argument, the City advanced another argument, albeit one that was not adequately briefed. The City argued the receipt signed by Officer Tones on December 2, 2005 when she was given a copy of the suspension letter, which was subsequently filed with the Civil Service Commission on December 5, 2005, constitutes the "written statement of action" required by section 143.1016(j). Thus, the City contends by filing the signed receipt with the Civil Service Commission 120 hours after Officer Tones received notice, the City complied with the statute. The City has no authority for this argument, nor do we find it persuasive. The "written statement of action" is the four page letter from the Chief of Police detailing Officer Tones's breach of duty and her suspension. This was filed with the Civil Service Commission on November 29, 2005—before Officer Tones received notice on December 2, 2005. The "written statement of action" is not the single page document acknowledging Officer Tones's receipt of her letter of suspension.

The situation in the case at bar is unlike the situation in *City of Pasadena.* The hearing examiner in *City of Pasadena* applied an unquestionably inapplicable provi-

sion of the Act. Here, the City does not argue the hearing examiner acted outside the scope of the Act, or applied an inapplicable provision. Rather, the City contends the hearing examiner incorrectly interpreted the applicable provision. The Texas Supreme Court stated in *City of Pasadena:* " '[a]sserting that a decision made by the hearing examiner is incorrect is not the same as asserting that the examiner did not have jurisdiction.' " *City of Pasadena,* 292 S.W.3d at 20–21 (quoting *City of Pasadena,* 263 S.W.3d at 85). In fact, the Texas Supreme Court provided two situations where a hearing examiner exceeds jurisdiction: (1) when his acts are not authorized by the Act or are contrary to it, or (2) when they invade the policy-setting realm protected by the nondelegation doctrine. Neither is present here. We hold that unfounded allegations of misapplication of law do not amount to exceeding jurisdiction under the Texas Supreme Court's newly enunciated test. Therefore, the district court had no jurisdiction to hear the City's appeal under section 143.1016(j) because the hearing examiner did not exceed his jurisdiction.

### CONCLUSION

Because we hold the district court did not have jurisdiction to reach a decision on the merits, we vacate the judgment of the district court and dismiss the case for lack of subject matter jurisdiction.