**Affirmed and Memorandum Opinion filed April 30, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00059-CV

---

**THE CITY OF BEAUMONT, TEXAS, Appellant**

**V.**

**BEAUMONT PROFESSIONAL FIREFIGHTERS LOCAL 399 AND JAMES
LANDRUM, Appellees**

---

**On Appeal from the 60th District Court
Jefferson County, Texas
Trial Court Cause No. B-188,868**

---

## M E M O R A N D U M   O P I N I O N

This case centers on the manner in which Beaumont fire fighters must use their vacation time. The parties initially submitted the matter to a hearing examiner, who ruled in favor of appellees Beaumont Professional Firefighters Local 399 and James Landrum. Appellant, the City of Beaumont, appealed the hearing examiner's decision to the district court, and the appeal was dismissed for

want of jurisdiction. We affirm.

## BACKGROUND

Landrum was a fire fighter who was injured in the line of duty in October 2007. He was on occupational injury leave from that time until his retirement in 2009. In December 2008, Landrum requested that he be allowed to use vacation time he had earned in 2007, but the City denied his request. Landrum then requested that his unused vacation time be carried over to 2009; he was not informed whether this request was granted or denied. When he gave his retirement notice in October 2009, Landrum learned that the City had deducted or failed to compensate him for 292 hours of vacation time earned in 2007. Shortly thereafter, appellees filed the grievance underlying this case.

Pursuant to a collective bargaining agreement (CBA) and chapter 143 of the Local Government Code, an independent third party hearing examiner was selected, and hearings on the matter were held in September 2010. On November 15, 2010, the hearing examiner issued a 16-page decision that included a one-paragraph award:

> The grievance is sustained. The City violated the Collective Bargaining Agreement ("CBA") and/or any applicable statute when, in October, 2009, it denied the Grievant, Jimmy Landrum, vacation pay which was earned in 2007. The City shall compensate the Grievant for 292 hours of vacation pay. The Hearing Examiner will retain jurisdiction to interpret the remedy, if necessary.

The City appealed the hearing examiner's decision to the 60th District Court of Jefferson County, which dismissed the appeal for want of jurisdiction. This appeal followed.

## ANALYSIS

In its sole issue on appeal, the City contends that the district court erred by

2

dismissing the case for want of jurisdiction and denying its motion for summary judgment.

Because the question of jurisdiction is a legal question, we apply a *de novo* standard of review. *Hoff v. Nueces Cnty.*, 153 S.W.3d 45, 48 (Tex. 2004); *City of Houston v. Tones*, 299 S.W.3d 235, 237 (Tex. App.—Houston [14th Dist.] 2009, no pet.). We consider the facts alleged in the petition and, to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties. *Tex. Natural Res. Mgmt. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Tones*, 299 S.W.3d at 237.

The cornerstone issue of whether the district court had jurisdiction to hear an appeal from the hearing examiner's award focuses on whether the hearing examiner exceeded her jurisdiction. Tex. Local Gov't Code § 143.057(j) (Vernon 2008); *Tones*, 299 S.W.3d at 237 (examining the identical provision at Tex. Local Gov't Code § 143.1016(j) (Vernon 2008)). In relevant part, the Local Government Code provides: "A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." Tex. Local Gov't Code § 143.057(j). This provision applies to the City in this case. *See City of Pasadena v. Smith*, 292 S.W.3d 14, 17 (Tex. 2009).[1]

The appellees analogize the hearing examiner's award to an arbitration award; they argue that, in determining whether the hearing examiner exceeded her jurisdiction, "[t]he [p]roper [s]tandard of [r]eview is a [g]reat [d]eference, so as to [p]reserve the [g]oals of [a]rbitration." This argument has been rejected by the

---

[1] "The statute actually refers to an 'arbitration panel' exceeding its jurisdiction, but the term includes a hearing examiner." *Smith*, 292 S.W.3d at 19 (citing *City of Houston v. Clark*, 197 S.W.3d 314, 318 n.5 (Tex. 2006)).

3

supreme court; it has explicitly laid out the differences between a hearing examiner and an arbitrator with reference to the Fire Fighters and Police Officers Civil Service Act, codified in chapter 143 of the Local Government Code:

> An arbitrator derives his power from the parties' agreement to submit to arbitration, and because the law favors arbitration, and arbitration agreements are often quite broad, judicial review of an arbitration award is usually very narrow. By contrast, an independent hearing examiner's jurisdiction is created by the Act and comes with significant constraints. The Act states that "[i]n each hearing conducted [on appeal from a promotional bypass or disciplinary action], the hearing examiner has the same duties and powers as the [civil service] commission." The Act prescribes various deadlines, procedures, and limitations on the commission, which apply equally to hearing examiners.

*Smith*, 292 S.W.3d at 20 (footnotes omitted). Accordingly, a hearing examiner exceeds her jurisdiction when her acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine. *Id.* at 21.

Here, the City contends that the hearing examiner exceeded her jurisdiction because she (1) had no authority to consider the appellees' untimely filed grievance, and (2) invaded the policy-setting realm of the Beaumont City Council by ignoring the CBA requirement that "[a]ll vacation time earned in a calendar year must be taken in the following calendar year." Both arguments were made — in substantially the same form — before the hearing examiner.

## I. Timeliness

The City contends that the underlying grievance was untimely for two reasons. First, the City says Landrum did not file a grievance when he was not allowed to take his vacation in 2008. Second, the City says Landrum should have known in February 2009 that his vacation was not being carried over.

4

Article XXXII, section 2 of the CBA provides, in relevant part:

A.    Any member who is aggrieved shall file a written report giving the nature and details of the incident which led to his grievance with the UNION's grievance committee.  The report must be submitted within fifteen (15) calendar days of the date upon which the member knew or should have known of the occurrence, or occurrences in the event that the grievance alleges a pattern or practice of the EMPLOYER in violation of this agreement, giving rise to the grievance.

B.    A grievance not brought to the attention of the UNION grievance committee within the time limit described shall not be considered timely and shall be void.

The City argues that the underlying grievance cannot be timely because it was filed in November 2009.

The hearing examiner noted that this argument was not raised by the City during the hearing and that "[t]echnically, the City is barred from raising such an issue at this stage in the process."  The hearing examiner nevertheless addressed the issue by determining when Landrum knew or should have known that he had lost his vacation time, concluding that:

It was not until October of 2009, when [Landrum] retired, that it became clear that [Landrum] had lost what the Union contends was an earned benefit.  [Landrum] filed the instant grievance pursuant to [Article XXXII], when he reasonably became aware or knew of the potential contract violation.  Thus, the circumstances did not demonstrate that the instant grievance is untimely.

The City argues that the hearing examiner incorrectly interpreted article XXXII, section 2 of the CBA.  Asserting that a decision made by the hearing examiner is incorrect is not the same as asserting that the examiner lacked jurisdiction.  *Smith*, 292 S.W.3d at 21; *Tones*, 299 S.W.3d at 240.  Thus, the district court did not have jurisdiction based on the City's contention that the underlying grievance was

5

untimely filed.

## II.    Policy-Setting Realm

The City also argues that the hearing examiner "unlawfully usurped the City Council's authority over the CBA by, in effect, removing the provision of the CBA that required that 'all vacation time earned in a calendar year be taken the following calendar year.'" In response, the appellees argue that the hearing examiner has "merely upheld a grievance and directed that a City employee be properly paid according to the CBA and Texas law." We agree.

Article XIII, section 2 of the CBA provides, in relevant part: "All vacation time earned in a calendar year must be taken in the following calendar year." Discretion to allow a fire fighter to carry over accrued vacation time from one year to the next lies solely with the Beaumont City Council. *See* Tex. Local Gov't Code § 143.046(c) (Vernon 2008).

In addressing the City's argument, the hearing examiner noted that the City, as much as Landrum, was bound by the CBA:

> The City is correct in noting that the Hearing Officer cannot modify the CBA. However, as previously noted, nothing in the CBA states that earned vacation time or allowance is lost and may not be taken if an employee is on disability leave. Nor does the CBA state that vacation time or allowance may not be taken simultaneously with disability leave. Rather, Article XIII, Section 2, of the CBA directs that all vacation time is to be taken during the year following the year in which such vacation is earned. In other words, pursuant to the CBA, [Landrum] must either be allowed to receive his vacation time in the year it is to be taken or, at the discretion of the City Council, be allowed to carry it over. The City cannot unilaterally deny [Landrum] benefits he has earned and to which he is entitled.

The City entered into the CBA and agreed to be bound by its terms. The hearing examiner enforced those terms in a way the City does not like; she has not acted

contrary to the CBA.  *See Smith*, 292 S.W.3d at 21.  Thus, the district court did not have jurisdiction based on the hearing examiner's alleged invasion into the policy-setting realm of the Beaumont City Council.

## CONCLUSION

We overrule the City's sole issue and affirm the trial court's dismissal for want of jurisdiction.

/s/    William J. Boyce
        Justice

Panel consists of Justices Boyce and McCally and Senior Justice Mirabal.[2]

---

[2] Senior Justice Margaret Garner Mirabal sitting by assignment.