ACCEPTED
03-15-00591-CV
8250865
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/15/2015 4:15:42 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00591-CV

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/15/2015 4:15:42 PM
JEFFREY D. KYLE
Clerk

THE CITY OF AUSTIN FIREFIGHTERS AND POLICE OFFICERS'
CIVIL SERVICE COMMISSION, DIRECTOR MARK WASHINGTON, CHIEF
ARTURO ACEVEDO, AND THE CITY OF AUSTIN, TEXAS,
*Defendants/Appellants*,

v.

WILLIAM M. STEWART,
*Plaintiff/Appellee.*

APPELLEE'S BRIEF

DEATS, DURST & OWEN, P.L.L.C.
1204 San Antonio Street, Suite 203
Austin, Texas 78701
(512) 474-6200
(512) 474-7896 (FAX)
B. Craig Deats
State Bar No. 05703700
cdeats@ddollaw.com
Matt Bachop
State Bar No. 24055127
mbachop@ddollaw.com

COUNSEL FOR APPELLEE

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Table of Contents ............................................................................................ i

Index of Authorities ........................................................................................ ii

Statement Regarding Oral Argument ........................................................... iv

Issues Presented ............................................................................................. iv

Summary of Argument ....................................................................................1

Argument & Authorities ..................................................................................3

I.   The trial court correctly retained jurisdiction over the primary claim in the case: Stewart's *ultra vires* claim. ......................................................................3

II.  Some issues in the case can be narrowed based on the City's secondary issues. ...............................................................................6

   A.   Stewart's claim for reinstatement and back pay and benefits. ...................6

   B.   Stewart's claims related to the validity of the Last Chance Agreement. ....6

   C.   Stewart's claims against the Police Chief....................................................8

Conclusion & Prayer .......................................................................................9

Certificate of Compliance ..............................................................................11

Certificate of service ......................................................................................11

# INDEX OF AUTHORITIES

**Cases**

*American Petrofina, Inc. v. Allen*,
   887 S.W.2d 829 (Tex. 1994) ...............................................................................8

*City of Houston v. Clark*,
   197 S.W.3d 314 (Tex. 2006) .............................................................................10

*City of Houston v. Tones*,
   299 S.W.3d 235 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ....................10

*City of Lancaster v. Clopton*,
   246 S.W.3d 837 (Tex. App.—Dallas 2008, no pet.)...........................................10

*City of Laredo v. Leal*,
   161 S.W.3d 558 (Tex. App.—San Antonio 2004, pet. denied) ...........................10

*City of Mission v. Gonzalez*, No. 13–10–00688–CV,
   2012 WL 3762040 (Tex. App.—Corpus Christi Aug. 30, 2012, pet. denied).....10

*City of Waco v. Kelley*,
   309 S.W.3d 536 (Tex. 2010) .............................................................................10

*Hamilton v. Washington*, No. 03-11-00594-CV,
   2014 WL 7458988 (Tex. App.—Austin Dec. 23, 2014, no pet.)......................6, 7

*Mata v. City of San Antonio*, No. 04-11-00311-CV,
   2012 WL 1364594 (Tex. App.—San Antonio Apr. 18, 2012, pet denied)........7, 8

*Stubbs v. City of Weslaco*, No. 13-14-00054-CV,
   2015 WL 124310 (Tex. App.—Corpus Christi Jan. 8, 2015, no pet.) ...................4

*Webb v. Jorns*,
   488 S.W.2d 407 (Tex. 1972) ...............................................................................9

*Zambrana v. City of Amarillo*, No. 07-13-00058-CV,
   2014 WL 5037808 (Tex. App.—Amarillo Oct. 8, 2014, no pet.)..........................4

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 37.004 ................................................................. 5

TEX. CIV. PRAC. & REM. CODE § 37.011 ................................................................. 5

TEX. LOC. GOV'T CODE § 143.053 ..................................................................... 3, 5

TEX. LOC. GOV'T CODE § 143.057 ..................................................................... 3, 5

## STATEMENT REGARDING ORAL ARGUMENT

Appellee William Stewart respectfully requests that the Court grant oral argument in this case. This case presents an important issue concerning the jurisdiction of a district court to enforce the requirements of the Fire and Police Civil Service Act, which governs many terms and conditions of employment for many of Texas's police officers and fire fighters.

## ISSUES PRESENTED

Appellee urges that the issues presented by the City's appeal are better stated as follows:

1.    Addressing the City's primary appellate issue: Did the trial court correctly conclude that it has jurisdiction over Stewart's *ultra vires* claim seeking declaratory and injunctive relief requiring City officials to process Stewart's Civil Service appeal?

2.    Can some of the issues in the case be narrowed on the basis of the City's secondary appellate issues?

## SUMMARY OF ARGUMENT

The Civil Service Act, which governs discipline in the Austin Police Department, provides an absolute right for officers to appeal all involuntary suspensions, including indefinite suspensions (the Civil Service Act term for discharge). The Act also allows an officer to agree with the police chief on a voluntary temporary suspension without any ability to appeal.

After being accused of misconduct in 2012 and threatened with an indefinite suspension, Stewart agreed to a temporary suspension, with an additional condition (the "Last Chance Agreement") providing that Stewart would waive his statutory right to appeal an indefinite suspension during the following year if "he **commits the same or a similar act of misconduct** for which he is being suspended."

The Police Chief terminated Stewart during that period based on an allegation that Stewart committed a similar act of misconduct, and the City denied Stewart his statutory appeal rights based on the language quoted above. Stewart denied that he committed a similar act of misconduct, and filed this suit to enforce his right under the Civil Service Act to appeal his indefinite suspension to an independent hearing examiner.

The City's appeal attempts to convince the Court to rewrite the language of the Last Chance Agreement, such that Stewart forfeits his statutory appeal rights any time the Police Chief **accuses** Stewart of committing misconduct that the

1

Police Chief **labels** as "the same or similar," with any such accusation being completely unreviewable by a hearing examiner or by the courts. Of course, the parties could have entered into a contract like that, but they did not; instead, they agreed that Stewart would only waive his right to appeal if he actually committed an act of misconduct similar to the conduct leading to his agreed suspension in 2012.

The trial court correctly relied on the plain language of the Agreement in rejecting the City's position, and deciding that the district court had jurisdiction over Stewart's claim that he is legally entitled to a Civil Service appeal because the waiver of appellate rights in the Last Chance Agreement was not triggered.

The City's appellate position is that the trial court erred by asserting jurisdiction over the case, because it is so clear that the Police Chief's accusations are unreviewable that the trial court did not even have jurisdiction to consider the merits of Stewart's *ultra vires* claim, which seeks to enforce Texas law and require the City to participate in Stewart's Civil Service appeal.

The City's argument has no basis in the actual language of the Last Chance Agreement and should be rejected.

## ARGUMENT & AUTHORITIES

**I.      The trial court correctly retained jurisdiction over the primary claim in the case: Stewart's *ultra vires* claim.**

In its main issue (contained in section C.2 of the Appellants' Brief), the City argues that the trial court lacked jurisdiction over Stewart's *ultra vires* claim, which seeks prospective declaratory, injunctive, and mandamus relief enforcing Stewart's right under the Civil Service Act to appeal his termination to a third-party hearing examiner.  The City makes four main arguments in this regard, each of which lack merit.

**First**, the City urges that there is no provision in the Meet and Confer Agreement ("M&C Agreement") between the Austin Police Association ("APA") and the City that allows the submission of a "non-appealable indefinite suspension" to arbitration.  (Appellants' Brief at 19, 22.)  Of course, this argument—that the discharge cannot be appealed because it is non-appealable— simply begs the primary merits question in the case.  In addition, the argument fails to confront the substance of the *ultra vires* claim: Stewart's claim does <u>not</u> seek arbitration under the M&C Agreement; rather, he seeks an appeal under the Civil Service Act, arguing that the Last Chance Agreement's narrow waiver of his right to such an appeal does not apply to his termination.  *See* TEX. LOC. GOV'T CODE §§ 143.053, 143.057.

This kind of claim seeking prospective relief ordering a Civil Service appeal is a typical *ultra vires* claim over which the district court has jurisdiction. In a similar case, the Corpus Christi Court of Appeals ruled that a trial court had jurisdiction over a discharged fire fighter's claims "for a declaratory judgment, injunctive relief, and writ of mandamus to require [the civil service director] to process [the plaintiff]'s appeal as required by the civil service act," in the face of the city's argument that the termination was non-appealable. *Stubbs v. City of Weslaco*, No. 13-14-00054-CV, 2015 WL 124310, at *5 (Tex. App.—Corpus Christi Jan. 8, 2015, no pet.); *see also Zambrana v. City of Amarillo*, No. 07-13-00058-CV, 2014 WL 5037808 (Tex. App.—Amarillo Oct. 8, 2014, no pet.) (ruling that the trial court had jurisdiction over a terminated fire fighter's claim that he was entitled to a Civil Service appeal, where the city argued that the fire fighter had waived his appellate rights in a contract).

**Second**, the City argues that Stewart's waiver of his right to appeal the *temporary suspension* that accompanied the Last Chance Agreement somehow forecloses Stewart's right to appeal his *indefinite suspension*. (Appellants' Brief at 20–21.) This argument has no logical force, and the City does not attempt to flesh it out.

**Third**, the City argues that a third-party hearing examiner has no statutory or contractual authority to determine whether Stewart's termination triggered the

narrow waiver of Civil Service appeal rights contained in the Last Chance Agreement. (Appellants' Brief at 20–21.) This argument misses the mark, because a hearing examiner has statutory authority to review *the termination itself*, unless the waiver was triggered. TEX. LOC. GOV'T CODE §§ 143.053, 143.057. The district court has jurisdiction to determine whether Stewart's statutory right to appeal his termination to a hearing examiner survives the alleged application of the waiver in the Last Chance Agreement. As explained above, this is a typical *ultra vires* claim. It falls squarely within the court's authority to issue "a declaration of rights, status, or other legal relations" and "determine[] any question of construction" under "a statute" and a "contract," and to issue injunctive and/or mandamus relief based on the declaratory judgment. TEX. CIV. PRAC. & REM. CODE §§ 37.004(a), 37.011.

**Fourth**, the City contends that the district court lacks jurisdiction because no statute or contract authorizes "appeal of 'Last Chance Agreements.'" (Appellants' Brief at 21.) Again, this is a straw-man argument, because Stewart is not attempting to appeal his Last Chance Agreement; rather, he is attempting to appeal his termination under TEX. LOC. GOV'T CODE §§ 143.053, 143.057, and asking the court to declare that the Last Chance Agreement does not prevent him from doing so. As Stewart has shown above, the district court has jurisdiction over this kind of claim.

For these reasons, the Court should reject the City's primary issue urging that the district court erred by retaining jurisdiction over Stewart's *ultra vires* claim.

## II. Some issues in the case can be narrowed based on the City's secondary issues.

Although the trial court correctly decided that it has jurisdiction over the *ultra vires* claim, and thus the case must be remanded for trial, the issues for the trial court to consider on remand can be narrowed based on some of the arguments raised in the City's secondary issues.

### A. Stewart's claim for reinstatement and back pay and benefits.

In the first such issue (in section B.1 of Appellants' Brief), the City correctly points out that under this Court's decision in *Hamilton v. Washington*, No. 03-11-00594-CV, 2014 WL 7458988 (Tex. App.—Austin Dec. 23, 2014, no pet.), the trial court lacks jurisdiction over Stewart's claim for reinstatement and back pay and benefits, because the local civil service commission (or an independent hearing examiner) has exclusive jurisdiction over such claims. (Appellants' Brief at 11–13.)

### B. Stewart's claims related to the validity of the Last Chance Agreement.

In section B.2 of the City's Brief (Appellants' Brief at 13–17), the City notes that Stewart did not exhaust the grievance procedure contained in the M&C

Agreement between the APA and the City with respect to his claim that "the Last Chance Agreement is null and void because it does not comply with the terms of the Meet and Confer Agreement." (C.R. 25.) Under this Court's decision in *Hamilton v. Washington*, the City is likely correct that Stewart's claim that seeks relief based on a violation of the M&C Agreement is barred for this reason.

It is important to note, however, that the failure to exhaust administrative remedies **does not** extend to Stewart's claim for relief from the Last Chance Agreement's provisions on the basis that the APA was not a party to the Last Chance Agreement. That claim is not based on any of the M&C Agreement's provisions; rather, it is based on Texas labor law, including the mandate found in Subchapter I of Chapter 143 of the Texas Local Government Code that the APA is the "exclusive bargaining agent" for bargaining with the City on Stewart's behalf. *See Mata v. City of San Antonio*, No. 04-11-00311-CV, 2012 WL 1364594, at *4–5 (Tex. App.—San Antonio Apr. 18, 2012, pet denied) (discussing a similar claim based on a different statute with "exclusive bargaining agent" provisions).

In *Mata*, there was no issue about district court jurisdiction over the exclusive-bargaining claim. *Id.* at 5. The San Antonio Court of Appeals upheld a rejection of the claim on the merits, holding that a maintenance-of-standards provision in the collective bargaining agreement covering San Antonio fire fighters

7

incorporated into that agreement a past practice of entering into Last Chance Agreements to which the exclusive bargaining agent was not a party. *Id.*

Although the City's brief attempts to show a similar past practice in the Austin Police Department (Appellants' Brief at 15–16), the City's allegations in that regard are irrelevant to this appeal for at least two reasons. First, the M&C Agreement between the APA and the City does not contain a maintenance-of-standards clause (*see* C.R. 69–81), so the *Mata* court's analysis on this issue is inapplicable. And second, even if the City's argument were well-founded, it is a merits argument, not a jurisdictional argument. The City places this argument under the heading of exhaustion of administrative remedies, but the City does not identify any administrative remedy that is available to adjudicate a claim of violation of the exclusive-bargaining-agent requirements of Subchapter I of Chapter 143 of the Texas Local Government Code. (Appellants' Brief at 13–17.) No such administrative remedy exists. As such, the trial court has jurisdiction over the claim.

### C.  Stewart's claims against the Police Chief.

In the final area where the issues in the case can be narrowed, the City points out that Stewart abandoned any claims against Chief Acevedo in his live pleading. (Appellants' Brief at 22–23.) That amended pleading acted as a nonsuit. *See American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 831 (Tex. 1994); *Webb v.*

8

*Jorns*, 488 S.W.2d 407, 409 (Tex. 1972).  As such, there is nothing to "dismiss," as the City requests.

## CONCLUSION & PRAYER

The Last Chance Agreement allows Stewart to be fired without recourse if and only if he actually commits misconduct that is similar to the conduct that led to the 2012 agreed suspension.  The Agreement could have been—but was not—drafted to provide that any accusation that Stewart committed similar misconduct, even without a shred of evidence to support it, could lead to his permanent dismissal from the Department without the possibility of review.  Such an agreement would truly defeat the intent of a last-chance agreement, which is to retain the officer as long as no repeat violation occurs.  An agreement that allowed a mere accusation to deprive an officer of appeal rights would give the police chief a one-year ability to unilaterally end an officer's career for any reason with the stroke of a pen, and no officer would enter into such an agreement without any mechanism to require evidence of an allegation of similar misconduct.

On the other hand, the plain language of the agreement (or what the City calls "Stewart's self-serving interpretation") does not render the intent behind last-chance agreements meaningless, as the City contends.  On the contrary, it offers both sides the protections they need for such an agreement to be meaningful.  The officer is able to have independent review of a dispute over whether the officer

9

actually committed similar misconduct, but the police chief is able to avoid review of the appropriate level of discipline when there is a finding that similar misconduct did in fact occur.[1]

As such, even if the Court were inclined to accept the City's invitation to analyze policy considerations and weigh fairness in addition to (or instead of) simply construing the plain language of the Last Chance Agreement and the Civil Service Act, those factors weigh in favor of Stewart's position as well. Accordingly, the issues in the case can be narrowed as described above, but the Court should uphold the trial court's denial of the City's plea to the jurisdiction on the primary claim in the case, and remand that claim for trial.

---

[1] This is a significant benefit, because it is quite common for hearing examiners to reduce or reverse discipline imposed by department heads, even where misconduct is found. *See, e.g.*, *City of Waco v. Kelley*, 309 S.W.3d 536 (Tex. 2010) (hearing examiner reduced indefinite suspension to temporary suspension); *City of Houston v. Clark*, 197 S.W.3d 314 (Tex. 2006) (hearing examiner found that misconduct occurred, but reversed temporary suspension based on procedural issue); *City of Mission v. Gonzalez*, No. 13–10–00688–CV, 2012 WL 3762040 (Tex. App.—Corpus Christi Aug. 30, 2012, pet. denied) (hearing examiner reduced indefinite suspension to temporary suspension); *City of Houston v. Tones*, 299 S.W.3d 235 (Tex. App.— Houston [14th Dist.] 2009, no pet.) (hearing examiner found that misconduct occurred, but reversed temporary suspension based on procedural issue); *City of Lancaster v. Clopton*, 246 S.W.3d 837 (Tex. App.—Dallas 2008, no pet.) (hearing examiner reduced indefinite suspension to temporary suspension); *City of Laredo v. Leal*, 161 S.W.3d 558 (Tex. App.—San Antonio 2004, pet. denied) (hearing examiner reduced indefinite suspension to temporary suspension).

*Respectfully submitted,*

DEATS, DURST & OWEN, P.L.L.C.
1204 San Antonio, Suite 203
Austin, Texas 78701
(512) 474-6200
(512) 474-7896 (Fax)

_____*/s/ Matt Bachop*_____
B. Craig Deats
State Bar No. 05703700
cdeats@ddollaw.com
Matt Bachop
State Bar No. 24055127
mbachop@ddollaw.com

COUNSEL FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the word count limit contained in TEX. R. APP. P. 9.4(i)(2)(B) because it contains 3,214 words.

/s/ Matt Bachop

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent to counsel for Appellants, Chris Edwards, Assistant City Attorney, CITY OF AUSTIN-LAW DEPARTMENT, P. O. Box 1546, Austin, Texas 78767-1546, Fax: (512) 974-1311, chris.edwards@austintexas.gov, on this 15th day of December, 2015, by electronic service.

*/s/ Matt Bachop*

11